Accordingly, Chrysler's motion for summary judgment will be granted.

**Robert G. ROGERS, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General, Defendant.**

No. 90–2374C(6).

United States District Court,
E.D. Missouri, E.D.

Jan. 23, 1992.

Robert G. Rogers, Belleville, Ill., pro se.

Eric Tolen, Asst. U.S. Atty., St. Louis, Mo., Stuart J. Blenner, Andrew C. Friedman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GUNN, District Judge.

This matter is before the Court for a decision on the merits after a one-day trial before the Court sitting without a jury. This Court having considered the pleadings, the testimony and exhibits introduced at trial and the applicable law, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 52.

## FINDINGS OF FACT

Plaintiff Robert G. Rogers, proceeding pro se, brought this action under Title VII, 42 U.S.C. § 2000e–16. He alleges that the United States Postal Service did not select him for employment in retaliation for filing an earlier Title VII action.

The postal service hired plaintiff in late 1985 and discharged him in January 1986. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). In settlement of this claim, the postal service rehired plaintiff to work at the Webster Groves, Missouri Branch Post Office, effective January 3, 1987. A little over a month later on February 13, 1987, the postal service terminated plaintiff for unsatisfactory service.

On May 19, 1988, after pursuing administrative remedies, plaintiff filed suit in the United States District Court for the Eastern District of Missouri, alleging that the postal service terminated him on the basis of his race. The case was heard by Judge Filippine who issued an opinion holding that the postal service terminated plaintiff in February 1987 because of the poor quality of his work. Plaintiff now asserts that defendant will not rehire him in reprisal for this EEO activity.

In late 1988 and early 1989, plaintiff applied with the postal service for the positions of Distribution Clerk Machine Trainee and Mail Handler. Pursuant to office procedures, Charles Peebles, Supervisor of Employment and Placement, sent a Prospective Reassignment/Reinstatement Questionnaire to plaintiff's former supervisor at the Webster Groves location. The supervisor filled out the form on December 27, 1988, recommending that the postal service should not reinstate plaintiff. In addition, the questionnaire indicated that the supervisor rated plaintiff poorly in all areas except "attitude with co-workers." The form made no mention of plaintiff's EEO activities.

Charles Peebles made the initial determination not to select plaintiff in exclusive reliance on the supervisor's response. He did not know of plaintiff's EEO activities and was not involved in plaintiff's earlier separation. In March and April of 1989 Mr. Peebles notified plaintiff by letter that the postal service had not selected him for either position but that he could seek a reconsideration of this decision by Irma Castro, Manager of Personnel Services.

At plaintiff's request, Ms. Castro reviewed his Official Personnel File (OPF) and his supervisor's evaluation. Plaintiff's personnel file did not contain information on plaintiff's lawsuit pending before Judge Filippine but merely indicated that he was separated for unsatisfactory service.[1] Ms. Castro had no independent knowledge of plaintiff's EEO activity and had not participated in plaintiff's February 1987 separation. Relying primarily on the supervisor's evaluation, Ms. Castro upheld Mr. Peebles' decision not to select plaintiff.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this Title VII action under 28 U.S.C. § 1331.

A federal government employee's exclusive remedy for employment discrimination is an action brought pursuant to 42 U.S.C. § 2000e–16. *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Plaintiff bears the initial burden of establishing a prima facie case of reprisal. *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981); *Bur-*

---

**1.** Plaintiff's personnel file would contain information on the settlement of his earlier EEOC administrative charge. Plaintiff, however, does not allege reprisal for this activity.

rows v. Chemed Corp., 567 F.Supp. 978, 986 (E.D.Mo.1983), aff'd, 743 F.2d 612 (1984). This burden requires him to show that he participated in a statutorily protected activity, that defendant took adverse employment action against him and that a causal connection exists between the first two elements. Jackson v. Saint Joseph State Hosp., 840 F.2d 1387, 1390 (8th Cir.), cert. denied, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). Once plaintiff succeeds in making a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Womack, 619 F.2d at 1296.

■ If the defendant establishes such a reason for not rehiring plaintiff, the ultimate burden of persuading the trier of fact that defendant did not select plaintiff in retaliation for his civil rights activities remains with the plaintiff, and the plaintiff must show by a preponderance of the evidence that the articulated reason was mere pretext. See id.

■ Fitting the facts of this case to the law set forth, the Court finds from the credible evidence that defendant did not rehire plaintiff solely because of his prior poor performance.

Plaintiff failed to establish his prima facie case of reprisal. Clearly, plaintiff did participate in protected activity. See Womack, 619 F.2d at 1297 (citing Emporium Capwell Co. v. Western Addition Community Org., 420 U.S. 50, 71 n. 25, 95 S.Ct. 977, 989, n. 25, 43 L.Ed.2d 12 (1975)). He filed a complaint with the EEOC in May 1989 and then filed suit in the federal district court. He also experienced adverse employment action in that the postal service did not select him for the positions of Mail Handler and Distribution Clerk. Plaintiff, however, did not show a causal connection between his activities and his nonselection.

Mr. Peebles and Ms. Castro testified that when they made their decision they had no personal knowledge of plaintiff's pending lawsuit and that none of the documents they reviewed apprised them of plaintiff's legal activities. No inference of retaliation arises with regard to these individuals because they did not know about the activity allegedly instigating the reprisal.

The Webster Groves supervisor, whose evaluation both Mr. Peebles and Ms. Castro relied on in deciding not to hire plaintiff, was most likely aware of plaintiff's pending lawsuit. From Ms. Castro's testimony, the Court concludes that the supervisor's evaluation of plaintiff is no more critical of plaintiff's performance than the information in his OPF compiled prior to the activities that purportedly triggered the reprisal. Title VII is not a shield for poor performance. Jackson, 840 F.2d at 1391. A negative evaluation by an individual familiar with plaintiff's poor performance is not converted into an adverse action triggered by plaintiff's EEO activities merely because the individual was aware of those activities. Plaintiff's evidence does not support a prima facie case of retaliation.

■ Assuming, however, that plaintiff made his prima facie case, his claim still fails. Defendant demonstrated by substantial evidence that it based its decision solely on plaintiff's inadequate performance, including his absenteeism, misdelivery of mail, tardiness and poor attitude. Moreover, in Rogers v. Frank, 950 F.2d 728 (8th Cir.1991), Judge Filippine found that plaintiff had performed inadequately.

The burden shifted back to plaintiff to prove retaliation. He could not identify any individual that the postal service rehired after terminating for unsatisfactory service. He brought forward absolutely no evidence to show that the asserted reason for rejecting plaintiff, his unsatisfactory work record, was merely a pretext. All of the credible evidence supports defendant's position.

Even if plaintiff had established his prima facie case, his claim would fail at this stage. Accordingly, the Court will grant judgment for defendant.